# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Jason Casero
Associate
jcasero@mwe.com
+1 212 547 5676

September 9, 2010

**VIA ELECTRONIC FILING
(COURTESY COPY VIA FEDEX)**

Hon. Arthur D. Spatt
United States District Judge
c/o Clerk's Office, U.S. District Court
100 Federal Plaza
Central Islip, NY 11722-9014

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  SEP 10 2010  ★

LONG ISLAND OFFICE

Re:   Muhammed Qadri v. Vohra Health Services, PA, 09-CV-00168 (ADS)(ETB)

Dear Judge Spatt:

My firm represents Vohra Health Services, PA ("Vohra"), the Defendant/Counterclaim-Plaintiff in the above-referenced action. A telephonic pre-trial conference in this matter ("Conference") is currently scheduled for September 14, 2010. I write in order to request clarification and instruction from this Court in connection with the timing for the submission of the joint pre-trial order in light of the upcoming Conference.

A.   Nature of the Case And Relevant Background

Dr. Muhammed Qadri, along with two other doctors (Dr. Sarfraz and Dr. Wang) originally commenced this action in January 2009, asserting causes of action against Vohra for Breach of Contract, Declaratory Judgment, and Violation of New York Labor Law. Due to concerns regarding the propriety of subject matter jurisdiction over this case, on or about March 30, 2009 Vohra's predecessor counsel filed a motion seeking dismissal of this action on jurisdictional grounds. (*See* Pacer Doc. No. 3.)

During the time period that the motion to dismiss for lack of subject matter jurisdiction was pending before this Court, Vohra's new litigation counsel filed separate lawsuits against each of Dr. Qadri, Dr. Wang, and Dr. Sarfraz in the Southern District of Florida, wherein Vohra asserted claims for breach of non-competition and non-solicitation provisions, for misappropriation of trade secrets, and for several other claims for relief. Furthermore, after this Court issued its ruling determining that it had subject matter jurisdiction over the physicians' lawsuit, Vohra thereafter answered the Complaint and asserted its counterclaims against each of the three physicians for, *inter alia*, breach of contract and misappropriation of trade secrets. (*See* Pacer Doc. No 17.)

U.S. practice conducted through McDermott Will & Emery LLP.
340 Madison Avenue  New York, New York  10173-1922  Telephone: +1 212 547 5400  Facsimile: +1 212 547 5444  www.mwe.com

Subsequently, as a result of formal mediations which took place in the Southern District of Florida, the lawsuits (and legal disputes) between Vohra and Dr. Wang, and between Vohra and Dr. Sarfraz, were formally settled and resolved. In accordance with the settlement, the parties filed a stipulation for dismissal *with prejudice* in this Court in connection with all claims and counterclaims involving Dr. Wang and Dr. Sarfraz. (*See* Pacer Doc. No. 27.) As such, the only portion of the lawsuit that remains pending before this Court are the claims and counterclaims directly between Vohra and Dr. Qadri, which involve Dr. Qadri's prior employment relationship with Vohra, and Dr. Qadri's employment agreement with Vohra.

B.   Prior Extensions of the Discovery Deadline

On September 11, 2009, the parties appeared for a status conference before Magistrate Judge E. Thomas Boyle. Magistrate Boyle initially established a discovery completion date of May 11, 2010, and he further ordered that the parties would file a Pre-Trial Order by April 30, 2010. (*See* Pacer Doc. No 11.)

In light of the active settlement discussions that were on-going between all of the parties, and in light of the other procedural and venue issues that we being actively litigated in the Southern District of Florida, in or about March 2010, the parties jointly requested an extension of the discovery deadlines. On March 23, 2010, Magistrate Boyle granted the request and he extended the discovery completion date until May 28, 2010, and he also ordered that the parties would file a Pre-Trial Order by June 30, 2010. (*See* Docket Entry dated March 23, 2010.)

Thereafter, on May 21, 2010, Magistrate Boyle granted the parties' second request to extend the discovery completion date, and he extended the discovery completion date until July 28, 2010. (*See* Docket Entry dated May 21, 2010.) However, while the deadline for the discovery completion date was extended until July 28, 2010, the docket entry does not specifically reflect any revised deadline for the submission of the joint Pre-Trial Order after the completion of the discovery process. (*See* Docket Entry dated May 21, 2010.)

Thereafter, in light of the fact that the cases had been settled between Vohra, Dr. Sarfraz and Dr. Wang, and in light of the fact that the parties were continuing to attempt to reach a settlement between Vohra and Dr. Qadri, on July 28, 2010, the parties requested another extension of the discovery deadline. Magistrate Boyle denied the request and did not further extend the discovery completion date; however, he provided that the parties are "free to continue discovery as long as they wish without any further court intervention." (*See* Pacer Doc. No 24.) In the order, Magistrate Boyle further provided that the parties were to "comply with the order of March 23, 2010 as to the filing of a joint pre-trial order and the final conference." (*Id.*)

Hon. Arthur D. Spatt
September 9, 2010
Page 3

C. Dr. Qadri's Change in Counsel, And The Parties' Continued Settlement And Discovery Efforts

Significantly, as indicated above, as a result of the parties' prior good faith settlement efforts, the legal disputes between Vohra and Dr. Wang, and between Vohra and Dr. Sarfraz were formally settled and the parties have stipulated to the dismissal of all claims/counterclaims with prejudice. (See Pacer Doc. No 27.)

As recently as April 27, 2010, Dr. Qadri (the sole remaining Plaintiff/Counterclaim-Defendant), retained new litigation counsel, who has taken over his representation in this lawsuit. At the present date, both Vohra and Dr. Qadri are continuing their efforts to obtain outstanding discovery from various third parties and from each other, and both parties have noticed depositions, which have not yet taken place.

The remaining parties are still in the process of attempting in earnest to settle their claims without the need and expense of a trial, and the parties are engaged in on-going settlement discussions.

D. Joint Pre-Trial Order and Requested Relief

In light of the above described procedural and factual background, Vohra is requesting that this Court provide clarification and instruction regarding the timing for the submission of the joint pre-trial order. Specifically, as referenced above, Magistrate Boyle's most recent order referred back to his prior order dated March 23, 2010 for purposes of the other pre-trial deadlines, however, that previous order would have required the submission of the parties' joint pre-trial order on a date that was well before the discovery completion date of July 28, 2010.

As reflected in this Court's rules, in light of the required content of the joint pre-trial order (including an exhibit list and a designation of deposition testimony to be offered at trial) it appears that it was contemplated that all substantive discovery would be effectively finished prior to the submission of the joint pre-trial order. As such, there appears to be some ambiguity and uncertainty as to when the parties are required to file their joint pre-trial order, and Vohra is hereby requesting that this Court provide clarification and instruction.

In light of the on-going discovery efforts, it is uncertain that depositions will be completed prior to the pre-trial conference which is currently scheduled for September 14, 2010.

Accordingly, Vohra is hereby respectfully requesting that this Court enter an order providing clarification regarding the timing for the parties to file of the joint Pre-Trial Order, and that this Court postpone the September 14th pre-trial conference in order to allow the parties sufficient time to finish the remaining depositions, and to prepare a comprehensive joint Pre-Trial Order.

Hon. Arthur D. Spatt
September 9, 2010
Page 4

Nevertheless, counsel Vohra will continue to endeavor to work and coordinate with counsel Dr. Qadri in an effort to prepare a joint Pre-Trial order that is as complete as is possible at this juncture.

Thank you for your consideration of this matter.

Sincerely,

Jason Casero

cc: Rompel Sachdeva-Alam, Esq. (via electronic mail)
*Attorney for Plaintiff/Counterclaim-
Defendant Muhammed K. Qadri, M.D.*

The defendant's inquiries regarding the scheduled telephone conference with Judge Boyle and the pre-trial order in this case are respectfully referred to Judge Boyle. So ordered.

USDJ Arthur D. Spatt
9/10/10

**MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT, VIA FACSIMILE.**

NYK 1345088-1.077185.0012