# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Jason Casero
Associate
jcasero@mwe.com
+1 212 547 5676

November 24, 2010

**Via ECF**

Honorable Arthur D. Spatt
Eastern District of New York
100 Federal Plaza, P.O. Bo 9014
Central Islip, New York 11722

Re:  Muhammed K. Qadri, M.D. v. Vohra Health Services, P.A.
     Case No: 09-CV-0168 (ADS)

Dear Judge Spatt:

Undersigned counsel represents Defendant/Counterclaim-Plaintiff Vohra Health Services, P.A. ("Vohra") in the above referenced matter, and we are writing to request a pre-motion conference with Your Honor in connection with Vohra's intention to move for summary judgment as to Vohra's Counterclaims against Plaintiff/Counterclaim-Defendant Muhammad K. Qadri, M.D. ("Qadri"). In accordance with Your Honor's Rules, this letter sets forth the basis for Vohra's proposed motion.

### 1.  *Count V – Breach of Contract Against Qadri*

As established by the Rule 56.1 statements of undisputed facts submitted by both parties, Qadri has undisputedly signed and entered into the Qadri Employment Agreement on May 26, 2008 (the "Employment Agreement") which contains certain non-competition, non-solicitation and confidentiality restrictive covenants. *See* Exhibit A at ¶ 1; Exhibit B at ¶ 3; Exhibit C at ¶ 1. Despite Qadri's express contractual and restrictive covenant obligations as set forth in his Employment Agreement, both during his employment with Vohra and after the cessation of his employment relationship with Vohra, Qadri has admittedly been actively engaging in direct competition with Vohra by providing directly competitive skin and wound care management medical services to multiple nursing homes and facilities within the restricted territory and during the restricted time period. Qadri has admittedly solicited many of Vohra's well established client facilities for his competing wound care business, and Qadri has tortiously interfered with many of Vohra's well established contractual and business relationships with its facility clients. Qadri has also undisputedly utilized and misappropriated Vohra's confidential, proprietary and trade secret business information, and he has failed to return Vohra's confidential, proprietary and trade secret business information after the cessation of his employment with Vohra.

U.S. practice conducted through McDermott Will & Emery LLP.

340 Madison Avenue  New York, New York  10173-1922  Telephone: +1 212 547 5400  Facsimile: +1 212 547 5444  www.mwe.com

Honorable Arthur D. Spatt
November 24, 2010
Page 2

The undisputed facts also establish that Qadri failed to properly devote full time and attention to rendering services for Vohra, and that he failed to properly fulfill his employment obligations in accordance with the terms of the Qadri Employment Agreement. *See* Exhibit A; Exhibit B.

Qadri's actions constitute direct and material breaches of his contractual obligations under the Employment Agreement, and he has materially breached his contractual obligations. The terms of the restrictive covenants in the Qadri Employment Agreement are reasonable and reasonably necessary for the protection of Vohra's multiple legitimate business interests and Vohra has suffered irreparable harm and damages as a direct result of Qadri's material breaches of the Qadri Employment Agreement. *See* Exhibit A at ¶ 38; Exhibit B at ¶¶ 17, 34.

Vohra has complied with all of its obligations under the Employment Agreement, and Vohra has fully paid Qadri all compensation and monies due to him under the terms of the Employment Agreement.

Accordingly, based upon the undisputed facts and the plain language of the Employment Agreement, Vohra is entitled to the entry of summary judgment against Qadri with respect to Vohra's claims in Count V for Breach of Contract.

2. *Count VI – Breach of Employee's Duty of Loyalty Against Qadri*

Pursuant to the governing law and independent of his express contractual duties owed to Vohra, Qadri also owed Vohra the duty to perform his employment in good faith and in loyalty to Vohra. Despite his common law duty of loyalty, Qadri engaged in multiple disloyal acts during his active employment with Vohra, including, but not limited to, misappropriating and misusing confidential and proprietary business information, and directly soliciting Vohra's clients and informing them that he was providing competitive wound services on behalf of Medical Wound Management Services. *See* Exhibit B at ¶ 19. Vohra has suffered harm and damages as a direct result of Qadri's breach of his duty of loyalty. *See* Exhibit A at ¶ 38; Exhibit B at ¶ 34.

3. *Count VII – Tortious Interference Against Qadri*

Qadri has undisputedly tortiously interfered with Vohra by intentionally committing multiple acts designed to interfere with and disrupt the business and contractual relationships between Vohra and its patients, and nursing home and facility clients and customers. These multiple acts, include, *inter alia*, tortiously interfering with Vohra's existing contractual and/or business relationships with numerous nursing home and medical facilities located in Kings, Queens, New York Nassau and Suffolk Counties of New York. *See* Exhibit B at ¶¶ 20-26. By virtue of his employment with and provision of wound management and skin care services on behalf of Vohra, Qadri was well aware of Vohra's contractual and/or business relationship with these various facilities, and, as such, Qadri's interference was intentional and unjustified. *See* Exhibit B at ¶¶ 21-30. Vohra has suffered damages as a direct result of Qadri's interference with Vohra's business and/or contractual relationship *See* Exhibit A at ¶ 38; Exhibit B at ¶ 34.

### 4. *Count VIII – Misappropriation of Trade Secrets Against Qadri.*

Vohra undisputedly owns and has rights to its confidential and proprietary business information which constitute trade secret information under the governing statutes and law and are critical to Vohra's successful operation. *See* Exhibit A at ¶¶ 4-7; Exhibit B at ¶¶ 4-6. During his employment with Vohra, Qadri was given access to Vohra's trade secret business information. *See* Exhibit A at ¶ 8; Exhibit B at ¶ 7. In direct breach of Qadri's contractual duty to maintain the secrecy of Vohra's trade secrets, Qadri has admittedly utilized and improperly failed and refused to return Vohra's trade secret information and continues to use and disclose such trade secret information to the harm and detriment of Vohra. *See* Exhibit A at ¶¶ 37-39; Exhibit B at ¶¶ 18, 34.

Based upon the undisputed material facts and the plain language of the governing contracts, Vohra is entitled to summary judgment as to all of the claims against Qadri set forth herein, and Vohra respectfully requests a pre-motion conference in connection with Vohra's intention to move for summary judgment as to all such claims.

Respectfully,

Jason Casero

cc (via ECF):   Michael G. Austin, Esq.
                Rompel Sachdeva-Alam, Esq.

NYK 1366451-1.077185.0012