# LAW OFFICES OF
# ROMPEL SACHDEVA-ALAM, ESQ.
Attorneys & Counselors at Law

✦Licensed in NY & NJ

252 GLEN AVENUE   PALISADES PARK, NJ 07650
TEL 201-482-4360     FAX 201-482-4379
EMAIL alamesq@gmail.com

November 24, 2010

### *VIA ELECTRONIC FILING*

Honorable Arthur D. Spatt
United States District Court Judge
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

Re: *Muhammed K. Qadri v. Vohra Health Services, PA*
Index No. 09-CV-0168 (ADS)

Dear Honorable Sir:

I write on behalf of Plaintiff, Muhammed K. Qadri, ("Qadri") pursuant to the Court's motion practice rules, to request a pre-motion conference in anticipation of filing a FRCP 56(b) motion for summary judgment with respect to his second claim for declaratory judgment that the restrictive covenants contained in the Physician Employment Agreement dated May 26, 2008 ("Employment Agreement"), are not valid or enforceable against Plaintiff. In accordance with Your Honor's rules, below is a brief summary of the basis of Plaintiff's motion.

**The restrictive covenants contained in the Employment Agreement are unreasonable in geographical area and time.**

The restrictive covenants contained in the Physician Employment Agreement dated May 26, 2008, (the "Employment Agreement") are unenforceable as they are unreasonable in geographic area and time. The restrictive covenants contained in the Employment Agreement prevent Qadri from practicing wound care in the counties of Queens, Nassau, and Suffolk and/or within **30 miles of any location** where services have been provided by Qadri, as employee of Vohra.

Honorable Arthur D. Spatt, U.S.D.J.  Page 2
November 24, 2010

The geographic area restricted by this covenant spans over three states: New York, New Jersey, and Connecticut. In essence, these restrictive covenants prevent Qadri from practicing wound care, a field he has practiced in for over 10 years, in <u>any</u> facility including nursing homes, rehabilitation centers and other medical facilities located in all of New York City, parts of upstate New York, New Jersey, and Connecticut. See Exhibit A and Exhibit B.

Not only are these restrictions unreasonable geographically and temporally, but they have underlying negative public policy consequences. Vohra, is an out of state medical group based in Florida, without any New York offices, seeking to inhibit a New York licensed physician from practicing medicine in the area of wound care, which has been his livelihood for the past ten (10) years. Enforcement of such restrictive covenants would make it nearly unreasonably difficult if not almost impossible to carry on his livelihood, given his background and experience in the field of wound care. It would also disrupt patients' continuity of care and potentially deprive the public of necessary medical services. See Exhibit A, Exhibit B, and Exhibit C.

### <u>Defendant's material breach of the Employment Agreement prevents enforcement of the restrictive covenants contained therein.</u>

It is well established that an employer materially breaches a contract between it and a former employee prior to the employee's alleged breach of a noncompete agreement, the employee's obligation to comply with the noncompete may be relieved. *International Business Machines Corp. v. Martson*, 37 F. Supp. 2d 613, (S.D.N.Y., 1999). As evidenced by the Rule 56.1 Statements of Undisputed Facts submitted by Plaintiff, it has been established that Vohra did not pay Qadri his salary for approximately 7 weeks prior to Qadri's departure from Vohra's employ and prior to the alleged breach of the restrictive covenants. Vohra's failure to pay compensation under the Employment Agreement is a material breach, and therefore a defense to the noncompete covenants sought to be enforced by Vohra. Not only did Vohra fail to pay Qadri's regular compensation but also, his bonus for three quarters. See Exhibit A, Exhibit B, and Exhibit C.

Vohra further materially breached the Employment Agreement, when its officers attempted to unilaterally change the terms of the Employment Agreement, changing the salary structure from annual compensation to a "fee for service" structure. The Employment Agreement, expressly states that contractual terms <u>may not</u> be changed unilaterally but only by the express consent of both parties. Based on its actions, Vohra may not now attempt to enforce the restrictive covenants in the Employment Agreement, the terms of which itself has breached materially.

### Defendant's failure to pay Plaintiff his compensation and its termination of Plaintiff's medical malpractice insurance, is tantamount to Defendant's termination of Plaintiff without cause and therefore, Defendant may not enforce the restrictive covenants contained in the Employment Agreement.

As established by the Statement of Material Facts submitted by Qadri as well as documentary evidenced referenced to therein, it is clear that Defendant terminated Plaintiff's employment without cause and thus, may not now enforce the restrictive covenants against Plaintiff. New York Courts will not enforce a non-competition provision in an employment agreement where the former employee was involuntarily terminated. *SIFCO Indus., Inc. v. Advanced Plating Techs., Inc.,* 867 F. Supp 155, 158 (S.D.N.Y. 1994). By terminating Qadri's medical malpractice insurance and ceasing to pay Qadri his salary, Vohra's actions are tantamount to termination without cause. An essential aspect of enforceable restraints on employee mobility is the employer's continued willingness to employ the party covenanting not to compete. *SIFCO Indus., Inc. v. Advanced Plating Techs., Inc.,* 867 F. Supp 155, 158 (S.D.N.Y. 1994).

Assuming *arguendo* that the Court finds that Qadri's departure from Vohra was a resignation *per se*, the actions of Vohra constitute a conditional discharge rather than a resignation by Qadri, and therefore, the restrictive covenants should *still* be held invalid and unenforceable. Vohra constructively discharged Qadri and therefore, cannot enforce the restrictive covenants contained in the Employment Agreement. Under New York law, a termination without cause automatically voids a non-compete clause, and that constructive discharge is for all intents and purposes a termination without cause.

Vohra's unilateral change in salary, its refusal to engage in negotiations and its subsequent cessation in paying Qadri his salary, and Qadri's subsequent departure from Vohra's employ amounts to constructive discharge of Qadri by Vohra. Constructive discharge of an employee occurs when an employer, rather than directly discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily. Working conditions are intolerable if they are so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. *Mack v. Otis Elevator Co.*, 326 F.3d 116, 128 (2d Cir. 2003).

As established by the Statement of Undisputed Facts submitted by Qadri in addition to the Supplemental Affidavit of Qadri sworn to November 7, 2010, and the documents referenced to therein, it is evident that Vohra's drastic unilateral reduction in Qadri's salary forced him to leave Vohra. The intolerable conditions created by Vohra including the extreme reduction in pay and elimination of other compensation (ETO and bonus), pressure imposed by Vohra on Qadri to accept these unilateral changes in compensation, Vohra's refusal to engage

Honorable Arthur D. Spatt, U.S.D.J.                                                                 Page 4
November 24, 2010

into any negotiations regarding compensation, its failure to pay Qadri for a 7 week period, Vohra's termination of Qadri's medical malpractice insurance, created such intolerable working conditions, that Qadri's leave was the only fitting response that any reasonable person in Qadri's position would have done. See Exhibit A, Exhibit B, and Exhibit C.

**Defendant's unclean hands prevent it from enforcement of the restrictive covenants contained in the Employment Agreement.**

It is well settled that an employer's failure to pay compensation and bonuses and "unclean hands" may bar equitable relief for the willful misconduct, which is fraudulent, illegal, or unconscionable. Here, Vohra's failure to pay Qadri his compensation for almost two months was unconscionable and should bar Vohra from enforcing the restrictive covenants. It is undisputed that Qadri was owed compensation at the time he left Vohra's employ in or about November 2008. As evidenced by the Statement of Undisputed Facts submitted by Qadri, which makes references to a check issued by Vohra and sent by Vohra's former counsel, long **after** the inception of the instant lawsuit as partial payment of compensation, it is clear that prior to Qadri's departure from Vohra, Vohra had ceased paying Qadri his compensation. See Exhibit A, Exhibit B, and Exhibit C.

For the reasons stated above, and based on Plaintiff's Statement of Undisputed Facts and the sworn Affidavits of Muhammed K. Qadri, as well as supportive documents referenced therein, Plaintiff believes it is entitled to summary judgment on its second claim for declaratory judgment that the restrictive covenants contained in the Employment Agreement are unenforceable as a matter of law.

Plaintiff looks forward to the opportunity to discuss his intended summary judgment motion in greater detail, and to answer any questions the Court may have, at the Court's earliest convenience.

Respectfully Submitted,

*[signature]*

Rompel Sachdeva-Alam, Esq.
RSA/ra


cc: Jason Casero, Esq. (Via Electronic Mail)